KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone:  (480) 306-5977
Facsimile:  (602) 626-3504

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Eileen Brumfield

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eileen Brumfield, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Bursey & Associates, P.C.; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Eileen Brumfield, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Eileen Brumfield (hereafter "Plaintiff"), is an adult individual residing in Vail, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Bursey & Associates, P.C. (hereafter "Defendant"), is a company with an address of 6740 N Oracle Road, Suite 151, Tucson, AZ 85704, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6. Does 1-10 (the "Collectors") are individual collectors employed by Bursey and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Bursey at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8. Defendants have wrongfully sued the Plaintiff, entered judgment against the Plaintiff, attempted to garnish Plaintiff's bank accounts, and reported to the credit bureaus that the Plaintiff incurred a financial obligation (the "Debt") to Bank One (the "Creditor"), when such debt is not Plaintiff's debt.

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. More specifically, the debt was incurred on or before 1998, by Plaintiff's now husband, Mark L. Brumfield and his former wife, Sharlene Rebecca Brumfield.

11. The Debt was purchased, assigned or transferred to Bursey for collection, or Bursey was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

3

**B.      Bursey Engages in Harassment and Abusive Tactics**

13.   The Debt does not belong to Plaintiff.

14.   Plaintiff has provided sufficient proof to Defendants to show that the Debt does not belong to her.

15.   Bursey has acknowledged that the Debt does not belong to Plaintiff.

16.   Bursey strong armed Plaintiff into submitting information about her husband's ex-wife to them under the false pretense that they would cease all collection efforts once she submitted such information.

17.   After Plaintiff sent Bursey information regarding the true debtor, her husband's ex-wife, Bursey did not follow-through on its promise and continued to pursue collection against Plaintiff.

18.   Despite acknowledging that the Debt does not belong to Plaintiff, Bursey has continued to attempt to collect the Debt from Plaintiff.

19.   Bursey's continued collection efforts include stating that Debt was unpaid on Plaintiff's credit report and renewing a judgment against Plaintiff.

**C.      Plaintiff Suffered Actual Damages**

20.   The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

4

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

25. The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

26. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

27. The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

5

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

31. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

32. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

33. As a result of the Defendants' intentional infliction of emotional distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

34. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

6

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

E. Punitive damages;

F. For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

7

1
2  DATED: December 8, 2010                    KINDRA DENEAU
3
4
5                                             By:  /s/  *Kindra Deneau*
                                              Kindra Deneau
6
7                                             Attorney for Plaintiff
                                              Eileen Brumfield
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                      8